# UNITED STATES DISTRICT COURT

### District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

November 3rd, 2008

**Appearances:**

Jaime Woodard (Pro Se)
1457 Highland Avenue
Hillside, NJ 07205

Erik Sandstedt
United States Attorney's Office
970 Broad Street
Room 702
Newark, NJ 07102

Re:  United States v. Jaime Woodard; No. 98-0533 (AJL)
     Defendant Jaime Woodard's request to expunge his criminal record.

Dear Litigants:

On September 3, 1998, defendant Jaime Woodard pled guilty in this Court to theft of mail matter and was sentenced to a period of imprisonment of 15 months. Mr. Woodard has requested that this Court expunge his criminal record, asserting that his criminal record has resulted in lost employment opportunities. (Def.'s Req. 2 (Dkt. Entry No. 19, filed September 10, 2008).) For the following reasons the petition is denied.

**LEGAL STANDARD**

District courts do not have inherent jurisdiction over requests to expunge criminal records.  United States v. Dunegan, 251 F.3d 477, 478 (2001).  Ancillary jurisdiction is limited to determination of matters incidental to exercise of primary jurisdiction.  Dunegan at 479 (citing United States v. Sumner, 226 F.3d 1005, 1013 (2000)).  A district court does have ancillary jurisdiction to expunge criminal records, arising from jurisdiction to hear cases involving offenses against the United States.  Sumner, 226 F.3d at 1014.  This ancillary jurisdiction, however, is not broad enough to encompass defendant's request.  C.f. Sumner at 1014-15.

The Third Circuit has adopted the Sumner view that a district court does not have jurisdiction to expunge a criminal record absent some showing that the conviction was invalid because equitable expungement would not serve the purposes of ancillary jurisdiction.  Dunegan at 479-480 (citing Sumner, 226 F.3d at 1014-15).  Ancillary jurisdiction serves two purposes, allowing for disposition of factually interdependent matters and enabling the court to function successfully.  Dunegan, 251 F.3d at 479 (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)).  Expungement solely on equitable grounds does not serve either of these purposes.  Dunegan at 479.

**ANALYSIS**

This case is indistinguishable from Dunegan and Sumner.  Like the petitioners in both Dunegan and Sumner, Woodard filed his petition under the case number assigned to his original offense and the Court would have jurisdiction if Woodard asserted any "basis of Constitutional or statutory infirmity in the underlying criminal proceedings were invalid or illegal."  See Dunegan at 480.    Woodard has not raised any such basis.  Woodard appeals for an expungement based solely on the hardship imposed by having to disclose his criminal record on employment

applications.  As the Sumner court observed and of particular relevance to the present petition, there is no precedent for expunging a criminal record "to enhance a defendant's employment opportunities."  Sumner at 1015.  Because the Court does not have jurisdiction to expunge defendant's criminal record defendant's request must be denied.

**CONCLUSION**

For the foregoing reasons, it is on this 3rd day of November, 2008,

ORDERED that defendant's petition is DENIED.

**s/William H. Walls**
United States Senior District Judge
